**FILED**

**MAY 2 7 2011**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

MAURICE EDWARD HUGHLEY,               )
                                      )
                    Petitioner,       )
                                      )
          v.                          )          Civil Action No.   11  1989
                                      )
BARACK OBAMA, *et al.*,               )
                                      )
                    Respondents.      )

## MEMORANDUM OPINION

Petitioner, who is incarcerated at the Federal Correctional Institution in Butner, North

Carolina, alleges that he is unlawfully detained following his conviction in and sentence imposed

by the United States District Court for the Eastern District of Tennessee. Generally, petitioner

contends that the sentencing court lacked subject matter jurisdiction, and, consequently, that his

detention is unlawful. The petition will be denied.

Where, as here, petitioner challenges the jurisdiction of the federal court imposing

sentence or attacks the constitutionality of his conviction, he must do so in a motion in the

sentencing court under 28 U.S.C. § 2255. *See Ojo v. Immigration & Naturalization Serv.*, 106

F.3d 680, 683 (5th Cir. 1997) (stating that a motion under Section 2255 "is the proper means of

attacking errors that occurred during or before sentencing"); *Taylor v. U.S. Board of Parole*, 194

F.2d 882, 883 (D.C. Cir. 1952) (stating that a motion under Section 2255 is the proper vehicle for

challenging the constitutionality of a statute under which a defendant is convicted). Moreover,

> [a]n application for a writ of habeas corpus in behalf of a prisoner
> who is authorized to apply for relief by motion pursuant to [28 U.S.C.

> § 2255], shall not be entertained if it appears that the applicant has
> failed to apply for relief, by motion, to the court which sentenced him,
> or that such court has denied him relief, unless it also appears that the
> remedy by motion is inadequate or ineffective to test the legality of
> his detention.

28 U.S.C. § 2255(e). The petitioner has not shown that his available remedy is inadequate or

ineffective.

The Court therefore will dismiss the petition without prejudice. An Order consistent with

this Memorandum Opinion is issued separately on this same date.

DATE: 5/25/11

*Ellen S Huck*
_____
United States District Judge